IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN CORRADI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:15-cv-488-GBL-MSN |
| | ) |
| OLD UNITED CASUALTY COMPANY, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff John Corradi ("Plaintiff")'s and Defendant Old United Casualty Company ("Defendant")'s Cross Motions for Summary Judgment under Federal Rule of Civil Procedure 56 (Doc. 16 and Doc. 51). This case involves an insurance claim dispute where Plaintiff authorized a non-insured pilot to fly Plaintiff's airplane, the airplane was damaged, and Plaintiff now seeks to recover damages from his insurer, Defendant.

There are two issues before the Court. The first issue is whether Plaintiff may seek damages from Defendant, his insurer, under an insurance policy ("Policy") that only covers damage incurred while the aircraft is operated by certain "Approved Pilots," when here, the pilot operating Plaintiff's plane when it crashed was not an "Approved Pilot." The second issue is whether the Virginia Omnibus Statute Section 38.2-2204, which only applies to third-party claims for liability, modifies Plaintiff's Policy by expanding coverage to first-party claims for damage, like the one Plaintiff brings here.

The Court **DENIES** Plaintiff's Motion for Summary Judgment and **GRANTS** Defendant's Motion for Summary Judgment for two reasons. First, the Court finds that the plain language of the Policy only covers the Aircraft's operation by "Approved Pilots," but during this

crash, the Aircraft was not operated by an "Approved Pilot." Second, the Court finds that the Virginia Omnibus Statute does not modify Plaintiff's Policy coverage because: (1) the Virginia Omnibus Statute does not apply to first-party claims for damages, but rather only to third-party claims for liability; and (2) Plaintiff cannot assert a third-party claim for liability against himself in order to benefit from the protection of the statute.

Accordingly, the Court **DENIES** Plaintiff's Motion for Summary Judgment (Doc. 16) and **GRANTS** Defendant's Motion for Summary Judgment (Doc. 51).

## I. BACKGROUND

In April of 2014, Plaintiff John Corradi purchased an insurance Policy (Doc. 17-2) for his 1942 Waco UPF-7 ("the Aircraft") from Defendant Old United Casualty Company (Doc. 17). Condition 4(a) (Approved Pilots) and Item 7 (Approved Pilots) of the Policy provide that coverage is conditioned upon operation of the Aircraft by "Approved Pilots" only. *Id.* Item 7 also defines the "Approved Pilots" under the Policy as John Corradi and John B. Corradi. *Id.*

On June 29, 2014, Plaintiff's Aircraft crashed during an airshow (Doc. 17). Bryon Stewart, the individual who was operating the aircraft when it crashed, was not an "Approved Pilot" under the Policy. *Id.* Neither John Corradi nor John B. Corradi was operating the Aircraft during the incident. *Id.*

On April 14, 2015, Plaintiff filed this action for breach of contract, seeking a declaratory judgment that, under the Policy, Defendant must pay Plaintiff $200,000.00 for the value of the damages to the Aircraft. *Id.* Plaintiff seeks recovery exclusively for destruction to the Aircraft itself. *Id.* Plaintiff does not allege liability to any third parties arising from the incident. *Id.* In other words, in this action, Plaintiff only acts on his own behalf and does not allege that Defendant is liable to any third parties. *Id.*

On July 17, 2015, Defendant filed its Motion for Summary Judgment (Doc. 16). On August 7, 2015, the Court granted Defendant's Motion for Summary Judgment on the grounds that the Policy's plain language did not cover operation of the Aircraft by a pilot who was not an Approved Pilot (Doc. 32).

On August 12, 2015, Plaintiff filed a Motion for Reconsideration or Relief from Summary Judgment (Doc. 37). The Court granted Plaintiff's Motion on August 20, 2015 (Doc. 46). Plaintiff's Motion for Summary Judgment and Defendant's Motion for Summary Judgment are properly before this Court.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c) (2013).

In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the nonmoving party. *Boitnott v. Corning, Inc.*, 669 F.3d 172, 175 (4th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (citations omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008) (quoting *Anderson*, 477 U.S. at 247–48).

A "material fact" is a fact that might affect the outcome of a party's case. *Anderson*, 477 U.S. at 248; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *Hooven–Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001).

A "genuine" issue concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *Resource Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635 (4th Cir. 2005) (quoting *Anderson*, 477 U.S. at 248). Rule 56(e) requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### III. ANALYSIS

In accordance with the Court's decision to grant Plaintiff's Motion for Reconsideration or Relief from Summary Judgment (Doc. 46), the Court has reviewed the pleadings and evidence from both parties. The Court stands by its initial decision to **GRANT** Defendant's Motion for Summary Judgment and further **DENIES** Plaintiff's Motion for Summary Judgment because Plaintiff's claim includes no genuine issue of material fact for two reasons. First, Plaintiff's claim is barred by the plain language of the insurance policy. Second, the Virginia Omnibus Statute does not modify the insurance policy coverage because (1) the Virginia Omnibus Statute does not apply to first-party claims for damages, like Plaintiff's claim, but only to third-party

claims for liability; and (2) Plaintiff cannot assert a third-party claim for liability against himself in order to benefit from the protection of the statute.

### A. Plaintiff's Claim is Barred By the Plain Language of the Policy

No genuine dispute of material fact exists as to Plaintiff's claim for recovery under the Policy because the plain language of the Policy only covers the operation of the Aircraft by "Approved Pilots."

The Policy, as agreed to by Plaintiff and Defendant, outlines the approved "usages" for the Aircraft (Doc. 17.2). Condition 4(a) (Approved Pilots) and Item 7 (Approved Pilots) provide that the Policy coverage is conditioned upon operation of the Aircraft by "Approved Pilots" only. *Id.* The "Approved Pilots" under the Policy were John Corradi and John B. Corradi. *Id.* Specifically, the text of Condition 4(a) states:

> "What Your Policy Does Not Cover: a. Pilot: When the aircraft is in-flight, *you must make certain that the pilots are "approved pilots"* in Item 7 of the PSP. *There is no coverage if this requirement is not met.* If the aircraft is being flown for maintenance or test flight by an FAA licensed repair station's pilot, Item 7 of the PSP does not apply."

Additionally, the text of Item 7 states:

> "Approved Pilot – During each "Approved Use" as defined in Item 6, the aircraft must be operated in-flight only by the "Approved Pilots" shown below who must have a current and proper (1) medical certificate and (2) pilot certificate with necessary ratings as required by the FAA for each flight. *There is no coverage under the policy if the pilot does not meet these requirements*"

The Airshow Extension Endorsement clause in the Policy states in relevant part:

> WHAT IS INSURED BY THIS ENDORSEMENT –*Coverage Provided*:
>
> The coverages shown in Item 5, of your PSP—for which you have chosen to be insured. . . are provided while your aircraft is performing or is involved in aerobatic flight and is practicing for, or flying in airshows which in flight has been granted a waiver by the FAA.

> (2) Your PSP, Item 6[1]. Approved Uses is amended to include: *Your use* of your aircraft for airshows.

(Doc 17.2) (emphasis added).

Notably, the Airshow Extension Endorsement clause does not purport to amend either Item 7 (Approved Pilots) or Condition 4(a) (Approved Pilots) of the Policy, both of which expressly state that there is *no coverage unless the Aircraft is operated by an "Approved Pilot"* (Doc. 17). Rather, the Airshow Extension Endorsement states that it amends only Item 5[2] (Coverages and Limits), Item 6[3] (Approved Uses) and Condition 4.d.[4] of the Policy (Doc. 17). Additionally, there is no language either amending the terms "Your" or "Approved Pilots" or extending coverage to anyone other than "Approved Pilots" in the language of the Policy (Doc. 17). The Airshow Extension Endorsement clause's explicit statement that, "NOTHING HEREIN CONTAINED SHALL BE HELD TO VARY, WAIVE, ALTER OR EXTEND ANY OF THE TERMS, CONDITIONS OR AGREEMENTS OF THE POLICY OTHER THAN STATED ABOVE" (Doc. 17), further highlights the fact that the plain language requirements of the Policy are not altered when the aircraft is being operated in an airshow.

Plaintiff argues that the Policy's Airshow Extension Endorsement modifies the Policy and nullifies the requirement that an Approved Pilot must be operating the aircraft at the time of the loss. However, the Policy's Airshow Extension Endorsement Clause provides that certain

---

[1] Item 6 specifies the approved uses of the Aircraft under the Policy, including: "Personal use, meaning your personal pleasure and business related uses, provided no charge is made other than for "direct operating costs" as defined in your policy."

[2] Item 5 specifies the coverages and limits (the maximum recovery that Defendant will pay) for physical damage to the aircraft.

[4] Condition 4.d provides that there is no coverage under the following conditions: "There is no coverage if the aircraft is in-flight under conditions requiring any special FAA permit or waiver, even if a permit or waiver has been granted by the FAA.

6

allowances and limitations will apply if *Plaintiff* participates in an air show (Doc. 17). *The Airshow Extension Endorsement clause does not change any other terms of the Policy.* Instead it, only amends the allowed usages of the aircraft, like participation in airshows, while the *insured* operates the Aircraft. (Doc. 17.2). In other words, although the Airshow Extension Clause extends coverage of the policy to FAA approved airshows, to actually recovery for damages occurring during an airshow, *the aircraft must have been operated by an approved pilot when the damage occurred*; adhering to the policy's requirement that the Aircraft is operated by "Approved Pilots." *Id.*

Plaintiff's claims are barred by the plain language of the Policy. Plaintiff's Aircraft crashed during an airshow (Doc. 17). However, Bryon Stewart, the individual who was operating the aircraft during the incident, was not an "Approved Pilot" under the Policy. *Id.* Neither of the "Approved Pilots," John Corradi nor John B. Corradi, were operating the Aircraft at the time of the incident. *Id.* It is blatantly defined in Condition 4(a) (Approved Pilots) and Item 7 (Approved Pilots) of the Policy, that Defendant's coverage of any damage to the aircraft is conditioned upon the Aircraft being operated by "Approved Pilots." Furthermore, the Airshow Extension Endorsement clause does not extend coverage to a pilot operating the Aircraft (whether performing in an airshow or not) who is not an "Approved Pilo[t]." *Id.* Therefore, the Policy does not cover damages incurred when Bryon Stewart is in operation of the Aircraft. *Id.*

Accordingly, the Court GRANTS Defendant's Motion for Summary Judgment and DENIES Plaintiff's Motion for Summary Judgment because Plaintiff's claim is barred by the plain language of the Policy and nothing in the Airshow Extension Endorsement clause varies, waives, alters or extends either the plain language definition of "Approved Pilots" or the

requirement that the Aircraft be operated only by "Approved Pilots" as a condition of coverage (Doc. 17).

### B. The Virginia Omnibus Statute Does Not Modify Plaintiff's Insurance Policy

#### 1. The Virginia Omnibus Statute is not applicable on its face

No genuine dispute of material fact exists as to Plaintiff's claims because the Virginia Omnibus Statute, on its face, applies only to third-party claims for liability and not first-party claims for damages (like Plaintiff's claim).

The Virginia Omnibus Statute states in relevant part:

> "No policy... *covering liability* arising from the ownership, maintenance, or use of any...aircraft...shall be issued or delivered in this Commonwealth...unless the policy contains a provision insuring the named insured, and any other person using or responsible for the use of...aircraft, ...with the expressed or implied consent of the named insured, *against liability* for death or injury sustained, or loss or damage incurred...Provided that, when one accident or occurrence involves more than one defendant who is covered by the policy, the plaintiff may recover the per person limit of the policy against each such defendant, subject to the per accident of occurrence limit of the policy."

Virginia Omnibus Statute 38.2-2204 (emphasis added).

The purpose of the Virginia Omnibus Statute is to "provide for the subrogation of an injured third party to the rights of the one indemnified against loss, as against the insurance carrier." *Jenkins v. Murano*, 74 F. Supp. 234 (E.D. Va. 1947) (holding that the Virginia Omnibus Statute applies only to third party claims for liability). "The statute was enacted to '[protect] the innocent public' by prohibiting the exclusion of *liability* coverage for a permissive user."[5] *Safeco Ins. Co. v. Merrimack Fire Ins. Co.*, 785 F.2d 480 (4th Cir. 1986) (emphasis added). As such, the express terms of the statute limit its application only to a "policy or

---

[5] The court in in *Safeco* at 481, a case dealing with the operation of a boat, defines a permissive user as "any person using such boat with the permission of the named insured provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission."

contract of bodily injury or property damage liability insurance, *covering liability* arising from the ownership, maintenance, or use of any . . . aircraft . . ." Va. Code Ann.§ 38.2-2204 (emphasis added). Thus, the Virginia Omnibus Statute requires liability policies to insure, not only the named insured, but also anyone using the Aircraft with the express or implied consent of the named insured "*against liability* for death or injury sustained, or loss or damage incurred." *Id.* In other words, the statue permits an injured third party to seek recovery from a permissive user not covered under the insurance policy, as long as the permissive user was using the airplane with the person of the authorized-user.

Here, Plaintiff alleges a third party claim for liability (Doc. 51). In other words, Plaintiff alleges the existence of a third party that was injured by the crash and that has a rightful claim to recovery from Defendant. Defendant, in its Memorandum in support of its Motion for Summary Judgment (Doc. 17), rightly argues that Plaintiff's attempt to fall under the protections of the Virginia Omnibus Statute fails because there is no third party alleging any harm in this suit, and that Plaintiff is actually attempting to mask its first-party claim for damages as a third-party claim for liability.

Plaintiff argues (without citing any controlling authorities) that because the Policy provides for both liability and property damaged contingencies to be covered, it is proper to extend the reach of the Virginia Omnibus Statute to the Policy. (Doc. 51). However, such an interpretation is contrary to the plain language of the statute as well as its purpose. *See Safeco*, 785 F.2d 480 (4th Cir. 1986) (holding that the Virginia Omnibus Statues does not expand coverage where it does not exist). The Virginia Omnibus Statute does not extend coverage to permissive users where there is no third-party claim for liability. *Id.*

9

Accordingly, like in *Safeco*, Plaintiff's claims properly arise under first-party damage, but such claims are not covered under the Virginia Omnibus Statute. Therefore, the Virginia Omnibus Statute is not applicable on its face.

### 2. Plaintiff cannot assert a third party claim for liability against himself in order to benefit from the protection of the statute

The Court finds that no genuine dispute of material fact exists as to Plaintiff's claims because Plaintiff does not have a third-party claim for liability. As such, Plaintiff may not assert a third-party claim for liability against himself in order to benefit from the protection of the Virginia Omnibus Statute.

"A named insured in a policy of liability insurance is barred from recovery against his own carrier for damage to his own property." *Transit Cas. Co. v, Hartman's Inc.*, 218 Va. 703, 239 S.E.2d 894 (1978) (commenting on the "obviously fair result"). As this District Court noted in *Jenkins*, damages "suffered by the named insured cannot be construed as a liability for damages imposed by law upon the named insured." *See Jenkins* at 253. Meaning, a plaintiff cannot assert third-party liability against himself in the hopes of increasing the plausibility and likely recovery of an insurance claim.

The Policy includes coverage for "Aircraft Physical Damage" for the benefit of the named insured, as well as "Liability to Others" (Doc. 54). This means that Plaintiff's policy provides for both property damage and liability coverage. *Id.* Knowing that the Virginia Omnibus Statute only covers third-party claims for liability, Plaintiff argues that because Plaintiff holds dual coverage, the Virginia Omnibus Clause converts the unapproved pilot into an "insured" who might be liable to Plaintiff under Plaintiff's own liability coverage. *Id.* Under this presumption, Plaintiff attempts to make the argument that Plaintiff can be "liable" to himself. *Id.*

Plaintiff's general argument is premised on the same ill-reasoned theory that was soundly rejected by the Virginia Supreme Court in *Transit Cas. Co. v. Hartman's Inc.*, 218 Va. 703, 239 S.E.2d 894 (1978). In *Hartman's*, the court stated:

> We believe that basic rules of contract construction dictate a holding that, in an exclusion clause similar to the one under review, the term "the insured" necessarily refers to and embraces the named insured. This construction produces the obviously fair result that, in a case such as this, a named insured in a Policy of liability insurance is barred from recovery against his own carrier for damage to his own property.

*Id.* Similar to the plaintiff in *Hartman*, Plaintiff here ineffectively attempts to conflate the "Aircraft Physical Damage" Coverage with the "Liability to Others" Coverage (Doc. 54). Plaintiff argues that the unapproved pilot was covered under the Policy because the Policy contained both liability and damage coverage. *Id.* However, Plaintiff procured property damage coverage under a named pilot warranty which limits coverage to the operation of the Aircraft by an "Approved Pilot" only. *Id.* Plaintiff willingly chose not to procure an open pilot warranty which would provide coverage for other permissive users of the Aircraft. *Id.*

Accordingly, Plaintiff cannot now attempt to manipulate the facts by asserting a third-party claim for liability against himself in order to benefit from the protections of the Virginia Omnibus Statute.

For these reasons, the Court GRANTS Defendant's Motion for Summary Judgment and DENIES Plaintiff's Motion for Summary Judgment.

## VIII. CONCLUSION

The Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment because Plaintiff's claim demonstrates that there is no genuine issue of material fact for two reasons. First, Plaintiff's claim is barred by the plain language of the insurance policy. Second, the Virginia Omnibus Statute does not modify the plain language of the policy because (1) the Virginia Omnibus Statute does not apply to first-party claims for damages (like Plaintiff's claim), but only to third-party claims for liability; and (2) Plaintiff cannot assert a third-party claim for liability against himself in order to benefit from the protection of the statute.

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. 16) is **GRANTED** and Plaintiff's Motion for Summary Judgment (Doc. 51) is **DENIED**.

**IT IS SO ORDERED**.

ENTERED this 8th day of December, 2015.

Alexandria, Virginia
12/8/2015

/s/
Gerald Bruce Lee
United States District Judge